UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTAL BEDROSIAN, | ) |
| Plaintiffs, | ) No. 4:15-CV-975 RLW |
| v. | ) |
| STATE COLLECTION SERVICE, INC., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (ECF No. 10). This matter is fully briefed and ready for disposition.

# BACKGROUND[1]

Plaintiff alleges that Defendant placed calls to her using an Automatic Telephone Dialing System ("ATDS"), regarding a debt from St. Anthony's Medical Center in the amount of $215.78. (Complaint, ECF No. 1, ¶¶10-11). The amount of debt reported by Defendant on Plaintiff's credit report in July 2014 was $187. (Complaint, ¶12). Plaintiff believes that Defendant is attempting to collect more money than the proper amount of the debt. (Complaint, ¶¶11.

In May 2015, Plaintiff received a call on her cell phone from Defendant. (Complaint, ¶15). Plaintiff did not pick up, and Defendant left a "robo-message" on Plaintiff's voicemail.

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

(Complaint, ¶16). Plaintiff did not give Defendant prior express consent to call her cell phone with Defendant's ATDS. (Complaint, ¶¶17-19).

Plaintiff returned Defendant's telephone call in June 2015. During that call, Defendant told Plaintiff that it was trying to collect $215.78 on behalf of St. Anthony's Medical Center. (Complaint, ¶21). Plaintiff asked if Defendant "if a garnishment could happen to her." (Complaint, ¶22). Defendant responded, "I would say we can, but it would have to be above a certain amount." (Complaint, ¶23). Plaintiff alleges that "[a]t no time during the phone call did Defendant provide Plaintiff with an affirmative response as to whether or not the debt could actually be garnished." (Complaint, ¶23). Plaintiff maintains that she has not had a judgment entered against her that would give rise to garnishment proceedings. (Complaint, ¶25).

Plaintiff alleges claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, in Count I and for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, in Count II. Defendant has moved to dismiss Count I.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P.

12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

A. Section 1692d

Defendant alleges that Plaintiff fails to state a claim under the FDCPA Section 1692d. Section 1692d of the FDCPA "prohibits certain types of collection practices, such as the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002) (citing 15 U.S.C. § 1692d). Defendant argues that this Court should hold that Defendant's statement that it could garnish Plaintiff did not violate 1692d because it was not accompanied by threatening, profane, or abusive language. (ECF No. 11 at 4). Defendant contends that "statements made by a collector which are alleged to be in violation of 1692d must at least be 'akin to profanity or obscenity.'" *Thomas v. LDG Fin. Servs., Inc.*, 463 F. Supp. 2d 1370, 1373 (N.D. Ga. 2006) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); ECF No. 11 at 3). Since Plaintiff does not allege such abusive language, Defendant asserts there is no Section 1692d violation as a matter of law.

In response to this (and all of the sections), Plaintiff alleges that she has properly pleaded all of the elements of her FDCPA claim. (ECF No. 12 at 2). Plaintiff states that Defendant did not have any authority to garnish her wages and its statements were "improper and illegal."

Plaintiff asserts that Defendant did not have St. Anthony's Medical Center's permission to file a legal action against Plaintiff to institute garnishment proceedings and that to indicate otherwise was misleading and deceiving. (ECF No. 12 at 2).

The FDCPA "prohibits certain types of collection practices, such as the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002)(citing 15 U.S.C. § 1692d). The Court holds that Defendant's statement that it "could" garnish Plaintiff's wages does not state a claim under Section 1692d. The allegations before the Court indicate that Defendant was simply responding to Plaintiff's question. The Court holds that Defendant's response was not obscene, threatening, shaming or harassing as a matter of law and does not state a claim under Section 1692d.

B. Section 1692e(4)

Defendant contends that Plaintiff fails to state a claim under Section 1692e(4), which prohibits: "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C.A. § 1692e(4). Defendant maintains that Plaintiff cannot state a claim under Section 1692e(4) because Defendant never threatened to garnish Plaintiff. (ECF No. 11 at 5). Defendant likens this case to *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218 (E.D. Cal. 2010) where the plaintiff alleged that the collector "threatened her by telling her that [the collector] 'could attach [her] bank accounts with or without' her 'sending them the correspondence.'" *Id.* at 1223. The *Arteaga* court ultimately found that there was no FDCPA claim under Section 1692e because the plaintiff:

admits that she was never told that Asset *would* attach her bank account. Ms. Arteaga further admits that she asked Ms. Plimely about whether sending the check would allow asset to attach her bank account, and that Ms. Plimely's statement was in response to Ms. Arteaga's direct question related to whether Asset could attach her bank account. Ms. Arteaga admits that she was never told that Asset *would* attach her bank account. Under these circumstances, in which the consumer had initiated the phone call, raised the subject regarding the attachment of the bank account, and asked a question about Asset's abilities to attach her bank account, the allegedly threatening statement was a response to the customer's direct question on the subject, and the debt collector did not make any statements that action would be taken, the least reasonable consumer would understand Ms. Plimely's response was informational and not a threat. *See, Wade v. Regional Credit Ass'n,* 87 F.3d 1098 (9th Cir.1996) (collection agency's notice that failure to pay amount may adversely affect debtor's credit was not a threat to take action that could not legally be taken in violation of FDCPA). Accordingly, this Court grants summary judgment in favor of Asset on these claims.

*Id.* at 1231. Therefore, Defendant asserts that Plaintiff fails to state a claim as a matter of law.

The Court grants Defendant's motion to dismiss this Section 1692e(4) claim. Here, Defendant was responding to Plaintiff's question regarding whether garnishment was possible. Defendant was not threatening or harassing Plaintiff. Plaintiff acknowledges that "[a]t no time during the phone call did Defendant provide Plaintiff with an affirmative response as to whether or not the debt could actually be garnished." (Complaint, ¶23). Plaintiff has not alleged that Defendant threatened Plaintiff with garnishment. Accordingly, the Court finds no FDCPA violation on this basis.

C. Section 1692f

Defendant contends that Plaintiff has not alleged a violation of Section 1692f of the FDCPA. (ECF No. 11 at 5-6). "The FDCPA also prohibits the use of 'unfair or unconscionable means' to collect any debt." *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F. Supp. 2d 795, 799 (D. Minn. 2009)(citing 15 U.S.C. § 1692f). Defendant notes that Plaintiff has not alleged a violation of a specific portion of 1692f. Defendant assumes that Plaintiff's Section 1692f claim is based

upon Defendant's statement that he "could" garnish her wages. Defendant, however, maintains that such conjectural statement fails to state a claim under 1692f.

In determining whether a debt-collection communication was false, deceptive, misleading, unfair, or unconscionable, the communication must be viewed through the eyes of an unsophisticated consumer. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317–318 (8th Cir. 2004); *Peters,* 277 F.3d at 1055. Based upon the limited allegations in the Complaint, the Court finds no unfair or unconscionable statements were made to Plaintiff in an attempt to collect the debt. Plaintiff asked a question, but Defendant never provided an "affirmative response" (Complaint, ¶23) and did not threaten Plaintiff. The Court finds no unconscionable behavior and no FDCPA violation of Section 1692f.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (ECF No. 10) is **GRANTED**. Count I is **DISMISSED** with prejudice.

Dated this 23rd day of February, 2016.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**